## No. 7201.

THE CITIZENS' BANK OF LOUISIANA VS. L. GRAND, AND GLOVER & ODENDAHL.

This is a suit against the payees of two checks, in the body of which it was declared by the maker, that they were given in payment of corn bought from said payees and that the money to be paid by the bank was an advance on exchange sold to it. *Held* that the payees of the checks were not privy to the declarations contained therein and were not bound by them.

APPEAL from the Sixth District Court for the parish of Orleans, *Rightor*, J.

---

*Armand Pitot* for Plaintiff and Appellant:

First—Parties to a check for advances on a contract mentioned in the body of the check, commit themselves by their signatures on the check, and cannot afterwards contradict

the conditions forming the basis of the advance made, in order to exonerate themselves of the misapplication of the money to a contract different from that mentioned in the check.

Second—The endorser of a check to his own order, upon which advances are made for his own benefit, cannot avoid his responsibility by saying that he did not read the check. The legal presumption is to the contrary.

Third—The testimony of a party interested cannot be admitted by the Court to contradict the written conditions certified by his signature.

Fourth—The testimony of a party interested cannot, even when it does not contradict written evidence, outweigh the testimony of two disinterested persons; *a fortiori* when the testimony of said disinterested witnesses is corroborated by the contract signed by the party interested.

*Miller, Finney & Miller* on the same side.

*Singleton & Browne* for Defendants and Appellees:

First—That L. Grand was a necessary party to this suit, and, in his absence, as a party, the judgment of the lower court must be confirmed.

Second—The writ of sequestration should be set aside, because the security on the sequestration bond was not good and solvent, which is a condition precedent. And because plaintiff had no lien on the corn, sold by Glover & Odendahl to Grand. 17 La. 437; 2 An. 415; 4 An. 425; 12 An. 41; 13 An. 52; 9 Rob. 476; R. C. C. 2162.

Third—We have shown that the checks sued on impose no contract upon Glover & Odendahl towards the bank. That the checks, so far as Glover & Odendahl are concerned, contains a statement that L. Grand had purchased from them corn generally, and that they were drawn to pay the balance of the price, the correctness of which is admitted by both the bank and L. Grand.

Fourth—That if the bank intended to make Glover & Odendahl liable on L. Grand's contracts with the bank, it was as security, and this cannot be done, because the checks are vague and unintelligible and do not clearly define any contract or contracts existing between L. Grand and the bank. "Suretyship cannot be presumed; it ought to be expressed, and is to be restrained within the limits intended by the contract." R. C. C. 3039.

Fifth—There is no written evidence to establish a contract on the part of Glover & Odendahl, to make themselves liable for the obligations of L. Grand; and hence, they cannot be made liable for Grand's contract or contracts with the bank. R. C. C. 2278.

Sixth—The bank intended by the checks to make Glover & Odendahl (without interest or remuneration) perform duties which belonged only to the officers of the bank, which is unusual and unjust, and should not be enforced by this Court. 6 An. 611.

The opinion of the Court was delivered by

LEVY, J. The Citizens' Bank of Louisiana brought suit against L. Grand, drawer, and Glover & Odendahl, payees and endorsers of two checks, one for $10,000, dated June 2d, 1877, and the other for $5000, dated June 4th, 1877, which checks (with the difference in date and amounts) read as follows:

"New Orleans, June 2d, 1877.

"The Cashier of the Citizens' Bank of Louisiana will please pay Messrs. Glover & Odendahl or order, ten thousand $\frac{00}{100}$ dollars, in part payment of corn bought from them, the same being an advance on exchange, for 40,000 bus. of corn, sold to your bank."

"The bill of exchange to be furnished complete within five days from date of sale."

"$10,000.          (Signed)                    L. GRAND.
          "(Endorsed and signed)            GLOVER & ODENDAHL,
                                              per N. E. BAILEY."

Plaintiff seeks judgment against all said defendants *in solido* for the amount of these two drafts, on the ground that these checks were given for exchange to be delivered to them as stipulated in the checks, this exchange being for corn sold by Glover & Odendahl to Grand, to the extent of 40,000 bushels, and that the corn was other than that which had been sold to Grand, shipped on the vessel "Arno"; that Glover & Odendahl, knowing that the exchange thus to be furnished was given for payment of other corn (on which the bank would have a vendor's lien), applied these checks to the payment of the corn shipped on the Arno, and by endorsing the checks, bound themselves to apply their proceeds as the bank and Grand had contracted in the check. The defendant Grand, although duly cited, filed no answer and put in no appearance in the suit; and no proceedings beyond citation appear to have been had against him.

The defendants, Glover & Odendahl, admitted the receipt of the two checks and the collection of the amount thereof from plaintiffs. They aver that the two checks were given to them by Grand, in payment of about thirty-one thousand bushels of corn, sold to him by them, and shipped and placed on board the bark Arno and delivered to Grand, after the corn had been laden on board the said bark by these defendants in their own names and for their own account. They denied that at the time said checks were delivered to them, in part payment of the corn laden on said bark or since, they had in their possession or under their control, any corn or other property belonging to said Grand, in whole or in part, in which he (Grand) was interested, either directly or indirectly; they aver that the corn shipped by them on board the bark Alpha and the steamer Vanguard belongs to them, and Grand never had any interest in the same, and the same had never in whole or in part been delivered to said Grand, and the plaintiff well knew this fact, because the plaintiff had been previously so informed in answer to a direct interrogatory propounded by its clerk or agent to these defendants; that, the corn for which said checks were given in part payment of the price thereof, was the corn shipped on the bark Arno as above stated. They reserved the right to sue the plaintiff in a separate action for damages caused them by the illegal seizure of the corn shipped by them on the Alpha and Vanguard, under the attachment and sequestration issued herein, at plaintiff's suit.

We think the action of the lower court in allowing the substitute of

a solvent for an insolvent surety on the sequestration bond is sustained by the authorities relied on by him in his reasons for discharging the rule to dissolve the writ of sequestration.

We can perceive no grounds on which plaintiff's claim against Glover & Odendahl can be maintained. There is nothing on the face of the checks, nothing in the statements, or so-called stipulations therein, which connect them with any contract or agreement with Grand, that these checks were to be applied to the payment of corn sold, delivered or to be shipped on any particular ship, or which goes to show that Glover & Odendahl knew anything of Grand's transactions with the bank in regard to bills of exchange previously purchased by the bank and drawn against the shipment on the Arno. Odendahl testifies positively that these checks were received by his firm "in part payment of the price of the corn shipped on the bark Arno." In point of fact, the testimony shows that they had sold or delivered, or shipped no corn on the Alpha or Vanguard to, or for account of Grand. We are at a loss to perceive how the liability sought to be imposed on Glover & Odendahl can, under all the facts of this case and by application of any legal rules or principles, attach to them. The clause in regard to the furnishing the bill of exchange has, we think, been properly construed by counsel of defendants in their brief, as referring and applying to the understanding between Grand and the bank, and as being a "reference to the exchange and nothing more than a postscript or memorandum for the information or instruction of the bank." The bank seem to have put this construction upon it, or if they regarded the furnishing of the exchange as a condition precedent or necessary to be complied with, why did they pay the check before it had been done?

We find no error in the judgment appealed from, and it is, therefore, affirmed with costs.